IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT PEREZ, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 14-5619 |
| | : | |
| JOHN WETZEL et al., | : | |
| Defendants. | : | |

FILED
AUG 25 2016
LUCY V. CHIN, Interim Clerk
By_____ Dep. Clerk

MCHUGH, J.                                                                                AUGUST 25, 2016

## MEMORANDUM ORDER

This 25th day of August, 2016, upon consideration of Defendants' Motions to Dismiss Plaintiff's Amended Complaint and all accompanying submissions, it is hereby **ORDERED** that Defendants' Motions to Dismiss are **GRANTED** for the reasons that follow.[1]

I write only for the parties and address only those allegations that were not raised in Plaintiff's initial Complaint and not addressed in my May 19, 2015, Memorandum and Order granting Defendants' Motions to Dismiss Plaintiff's Complaint. Plaintiff raises three new relevant allegations in his Amended Complaint. First, Plaintiff claims that Defendant Joseph Korszniak, the Medical Department Supervisor at SCI-Graterford, acted with deliberate indifference by responding to Plaintiff's requests for a course of treatment for his back and shoulder pain by telling him to fill out a sick-call form to be seen by a doctor. This allegation, however, does not state a claim for deliberate indifference. A non-medical prison official[2]

---

[1] Plaintiff will not be granted leave to cure the deficiencies in his Amended Complaint because granting leave for such an amendment would be futile. *See Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."). Plaintiff was granted three extensions of time to respond to Defendants' Motions to Dismiss, which were filed in October 2015.

[2] Korszniak is considered a non-medical official for the purpose of this analysis. *See Davis v. Prison Health Servs., Inc.*, 558 F. App'x 145, 150 (3d Cir. 2014) (finding the exact same defendant to be a non-medical official).

1

cannot be considered deliberately indifferent "simply because [he] failed to respond directly to the medical complaints of a prisoner who was already being treated by a prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). Plaintiff concedes he has seen doctors and medical staff at SCI-Graterford regarding his back and shoulder pain; he simply disagrees with the treatment that they have prescribed. Plaintiff's claim against Korszniak will therefore be dismissed.

Second, Plaintiff claims that Defendant Wexford Healthcare Services has an "unwritten policy of not administering care to capital case inmates," giving rise to *Monell* liability. Br. Opp. 6. But this bare allegation of such a policy, without any factual showing, does not state a *Monell* claim. *See McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (affirming dismissal where plaintiff merely alleged that his "rights were violated 'due to the City's policy of ignoring First Amendment right[s]'" (alteration in original)). Plaintiff's claim against Wexford will be dismissed.

Third, Plaintiff claims that, since this action began, Defendant Dr. Muhammad Golsorkhi has retaliated against Plaintiff by telling him that he would renew his handcuff-in-front pass if Plaintiff would remove Dr. Golsorkhi as a Defendant from this action. Plaintiff nevertheless admits that his pass was renewed without delay. A requirement of any § 1983 retaliation claim is that the plaintiff have suffered an "adverse action" by the defendant—that is, an action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." *Rausner v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (alteration in original) (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)). Plaintiff suffered no adverse action. His claim against Dr. Golsorkhi will be dismissed.

Plaintiff's remaining claims, none of which has been refined by amendment, remain barred. Since no claims remain against any of the named Defendants who has been served in the action, the action is **DISMISSED WITH PREJUDICE**. This case should be marked **CLOSED** for statistical purposes.

Gerald Austin McHugh
United States District Judge